CREAMERY    PACKAGE    MANUFACTURING COMPANY, Respondent, v. THE SHARPLES COMPANY, Appellant.

Kansas City Court of Appeals, February 2, 1903.

Contract: ABANDONMENT: ACCOUNT: COUNTERCLAIM: JURY QUESTION. The action was on an account. The answer set up a contract and asked damages for its breach. The reply set up an abandonment of the contract. *Held*, a written contract may be abandoned without formal cancellation and, on the evidence in the record, the issue of abandonment was properly submitted to the jury.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

AFFIRMED.

*Wollman, Soloman & Cooper* for appellant.

(1)   It is apparent from the record that the sole defense to defendant's counterclaim was that the contract of January 10, 1899, was abandoned by the parties.   That was the defense set up in the amended reply, and that was the only substantial defense to the counterclaim.   (2)   Now, unless there is some evidence to show that the contract of January 10, 1899, was abandoned by the parties, then it follows that the court erred in submitting the question of abandonment to the jury.

*Lathrop, Morrow, Fox & Moore* and *D. H. Cecil* for respondent.

The court committed no error in submitting to the jury the question of an agreement to abandon the January contracts, as that may be established by the conduct, acts, declarations and dealings of the parties. Chouteau v. Iron Works, 94 Mo. 388; Seligman v. Rogers, 113 Mo. 642; Fine v. Rogers, 15 Mo. 315.

ELLISON, J.—Plaintiff's action is on an account for $435.38.   Defendant set up damages by way of counterclaim.   The judgment in the trial court was for the plaintiff.

It appears that on January 10, 1899, plaintiff and defendant entered into a written contract, and on the same day a supplemental contract, whereby plaintiff was to sell to defendant at certain prices a large lot of butter tubs.   Defendant claims a breach of such contract by plaintiff whereby it was damaged and for which damage it set up the counterclaim aforesaid. Plaintiff admitted the contract with defendant but by reply set up that it had been abandoned by the parties. The hypothesis of such abandonment was added to defendant's instructions on its counterclaim by the trial

court, and that is the principal controversy between the parties. The defendant claims the court erred in so doing.

It is clear that a written contract may be abandoned by the parties to it without the formality of cancellation. Chouteau v. Iron Works, 94 Mo. 388; Seligman v. Rogers, 113 Mo. 642; Fine v. Rogers, 15 Mo. 315. And whether there had been such abandonment was a question of fact and it was therefore proper to submit it to the jury for decision. Fine v. Rogers, supra.

It is, however, a part of defendant's contention that there was no evidence upon which the court was authorized to submit the question. We rule this contention against defendant. The evidence, including circumstances from which the jury might draw reasonable inferences of abandonment, was ample to make the issue. And the law is that not only is it unnecessary, in order to show abandonment, that no formal release or cancellation was had, but such abandonment may be shown from the conduct of the parties and circumstances developed in evidence. Authorities supra.

Plaintiff's theory of abandonment was aided by a subsequent contract between the parties of April 13, following, and the conduct of the parties thereunder. So that, taking the whole evidence into consideration, we have no doubt of the correctness of the view taken by the trial court and, hence, affirm the judgment. All concur.