**John BACON, Plaintiff-Respondent,**

v.

**Victor BOSS and Bernadine Boss, Defendants-Appellants.**

**No. 29169.**

St. Louis Court of Appeals.

Missouri.

May 15, 1956.

Mosby & Mosby, Linn, for appellants.

Henry Balkenbush, Linn, for respondent.

DOUGLAS L. C. JONES, Special Judge.

This suit in principal arose out of an alleged written agreement entered into by respondent Bacon (plaintiff below) and appellant Boss (defendant below) wherein Bacon rented certain farm land to (appellant) Boss for a term of two years. For the sake of convenience, we will refer to the parties by name, John Bacon, plaintiff-respondent, and Victor Boss, defendant-appellant.

From the evidence adduced in the trial court, it developed that Bacon the landlord and Boss the tenant entered into a contract in writing on April 7, 1953 wherein Bacon leased farm land to Boss for a term of two years and Boss agreed to pay to Bacon $500 cash rent every six months during the term of the agreement, with the first rental

payment being due on November 1, 1953; said contract also contained a provision that landlord Bacon would furnish $600 for materials to construct a broiler house and tenant Boss was to furnish the labor and upon completion the broiler house would belong to the landlord, Bacon, respondent. Boss the tenant also agreed to furnish the labor to seed and fertilize a waterway, and in the event landlord Bacon decided to make pasture improvements, Boss agreed to do the work for which he was to be paid a reasonable sum.

Omitting reference to motions, it appears from the record that plaintiff Bacon sued Boss for $500 rent under the contract and damages for its breach, etc., and Boss counterclaimed for the sum of $228.82 which he allegedly spent at the special instance and request of Bacon for materials on the broiler house over and above the sum of $600 furnished by Bacon in accordance with the written agreement.

The petition on which plaintiff proceeded to trial, to say the least, is most confusing but the learned trial judge, at the close of plaintiff's case and after the defendant had moved the court for a directed verdict on plaintiff's petition, stated (supposedly out of the hearing of the jury although it is not noted in the transcript):

"I am going to let this case stand on the first six months' rent only, and that can be shown at the proper time by instruction, so for the time being this motion for a directed verdict will be overruled. I want it understood that there is only one item so far as the plaintiff's case is concerned to be considered by the jury, and that is the first six months' rent only. But I will have to overrule this motion for a directed verdict, but that can be taken care of at the proper time. Is that all of your motions?"

At the close of all of the evidence and after the court had overruled defendants' motion for a directed verdict, the jury, pursuant to instructions, returned a verdict:

"We, the jury, find the issues for the plaintiff and assess plaintiff's dam-

ages at $500.00, and we further find the issues for the defendants on their counter-claim and assess their damage at $228.82."

Thereafter the court made the following order, to wit:

"Wherefore it is ordered and adjudged that the plaintiff have and recover the sum of $500.00 from the defendants and the defendants have credit on said sum in the amount of $228.82 leaving a net balance due the plaintiff in the sum of $271.18 which said sum it is adjudged and ordered that the plaintiff recover from the defendants together with his costs expended and together with interest from date of this judgment; and that the plaintiff have execution therefor."

In due course, defendant Boss filed his motion for a new trial, moving the court to set aside the verdict of the jury in the amount of $500 for the plaintiff and against the defendant and to set aside the judgment of the court rendered thereon and grant said defendant a new trial because of various and sundry allegations of error committed by the court. Ninety days expiring without the court ruling on said motion, the defendant appealed to this court.

Appellant, in his brief, argues and contends that the trial court erred in excluding from the jury evidence which if believed by the jury, supported his, defendants' theory of defense, to wit: that the contract was abandoned and rescinded at the request of plaintiff on the 22nd day of September 1953, and defendant believing that the contract had been rescinded and abandoned, vacated the premises as requested on said date whereby plaintiff received material benefits thereby and couldn't thereafter insist on enforcement of the contract.

The following facts are readily apparent from a thorough study of the transcript; that appellant did receive a letter from plaintiff on the 22nd day of September 1953 requesting him (defendant) to vacate the premises at the close of the six months

time; that under the written agreement the rent did not become due for the first six months until the 1st day of November 1953; that said agreement was for two years beginning on the 1st day of May 1953; that plaintiff was thinking of renting the same premises to some one else during the term of the lease referred to in the written agreement; that defendant, relying on the written notice to vacate the premises, did so a year and six months before the lease would expire.

Other evidence was offered by defendant but refused by the court which further tended to show that defendant, in surrendering possession of the leased premises to plaintiff pursuant to his request, only did so believing plaintiff had rescinded and cancelled the contract and derived material benefits therefrom—possession of the premises when the lease had one year and six months to go; the reasonable value of the broiler house—fencing of a pond by defendant and sowing a waterway and making a filter in the pond.

█ We are of the opinion that the trial judge erred to the prejudice of appellant when he refused to allow the jury to consider the aforesaid evidence and in failing to instruct the jury on defendant-appellants' theory of defense; abandonment of the contract.

The Supreme Court of Missouri, in the case of Peoples Finance Corp. v. Buckner, 344 Mo. 347, 126 S.W.2d 301, held that a written contract may be abandoned by conduct of the parties and when a party has received material benefits through such abandonment of the contract, he cannot then insist on enforcement of the contract. The trial court by giving instruction No. 1 completely ignored the defense of appellants to respondent's petition and by failing to give defendants' instruction No. 4 denied the jury the right to consider all the issues of the case and the evidence supporting them.

In view of defendant-appellants' theory of defense and to which we agree, Instruction No. 1, given on behalf of plaintiff-respondent was not a correct statement of the law. We quote:

"The Court instructs the Jury that if you find and believe from the preponderance or greater weight of the evidence that the defendants entered into the contract in evidence with the plaintiff and thereby agreed to pay the sum of five hundred dollars ($500.00) rent for six months rental of plaintiff's farm and if you further find that the defendants occupied the residence and farm of plaintiff for six months, and if you further find that said sum of money due for six months rent has not been paid according to the terms of the contract and is still owing and due to the plaintiff then you will find your verdict for the plaintiff in the sum of five hundred dollars."

This was a verdict directing instruction for plaintiff and completely ignored defendants' defense to the alleged contract.

On the other hand, we are of the opinion that instruction No. 4 offered by defendant-appellant but refused by the court was a correct statement of defendants' theory of defense and should have been given. Instruction No. 4 is as follows:

"The Court instructs the Jury that if you find and believe from the evidence that on or about the 22nd day of September 1953, the Plaintiff requested the Defendants, (by letter or other writing) to vacate the farm premises described in the evidence at the close of the first six months period of the term mentioned in the contract herein sued upon and described in the evidence, with the intent of rescinding and cancelling said contract; and if you further find that Defendants agreed to, and acquiesced in such request to vacate, and immediately thereafter, in fact, vacate said premises and surrender possession thereof to the Plaintiff; and if you further find that Plaintiff received any material benefits through the rescission and abandonment of said contract (if any), then your verdict

must be for the Defendants and against the Plaintiff on Plaintiff's petition."

The court, by giving instruction No. 1 and refusing to give instruction No. 4, committed reversible error.

It is axiomatic that it was for the jury to say whether there had been an abandonment of the contract from all the circumstances in evidence. Chouteau v. Jupiter Iron-Works, 94 Mo. 388, 7 S.W. 467.

■ To "rescind" a contract is not merely to terminate it, but to abrogate and undo it from the beginning, and rescission necessarily involves a repudiation of the contract and a refusal of the moving party to be further bound by it. 37 Words and Phrases, p. 155:

> "Rescission of a contract must be in toto and not partial; * * * [so] that both parties to a contract shall be wholly released, as though it had not been made."

We further agree with appellants that there was a great deal of evidence from which the jury could have found that the contract had been abandoned—an intention on the part of plaintiff to abandon his contract with defendants and the acquiescence of defendants thereto.

Although appellants have urged further assignments of error, it is unnecessary to pass on them in light of the above reasoning.

The determination of the issues arising on defendants' counterclaim was correct and proper, but the judgment for plaintiff and against defendants on plaintiff's petition must be reversed.

Accordingly, the judgment of the circuit court is reversed and the cause is remanded with directions to hold the verdict for defendants on defendants' counterclaim in abeyance, and for a new trial solely on the issues raised by plaintiff's petition and defendants' answer, after which final judgment should be entered on plaintiff's cause of action in accordance with the verdict rendered at said new trial, and for defendants on their counterclaim in the sum of $228.82, plus interest at six per cent per annum from the date of the original judgment to the date of the final judgment. It is so ordered.

MATTHES, Acting P. J., concurs in result.

WM. R. COLLINSON, Special Judge, concurs.